```
                    IN THE UNITED STATES DISTRICT COURT
                                FOR THE
                     MIDDLE DISTRICT OF PENNSYLVANIA


MOHAMMAD JASHIM REZA,              :
                                   :
          Petitioner                :
                                   :
     v.                             :    CIVIL NO. 3:CV-17-1168
                                   :
WARDEN CRAIG LOWE,                 :    (Judge Conaboy)
                                   :
          Respondent                :
```

## MEMORANDUM
### Background

Mohammad Jashim Reza, a detainee of the Bureau of Immigration and Customs Enforcement (ICE) presently confined at the Pike County Prison, Lords Valley, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is Warden Craig Lowe of the Pike County Prison. Service of the petition was previously ordered.

Reza identifies himself as being a native and citizen of Bangladesh who first entered the United States on or about December, 1990. He subsequently adjusted his status to that of a lawful permanent resident. Reza is married to a United States citizen and their son is a United States citizen. While in this country, Reza was convicted of conspiracy to commit bank fraud on November 18, 2014 in the United States District Court for the Southern District of New York. He was sentenced to a six month

1

term of imprisonment. Removal proceedings were initiated against him on the basis of that conviction and he was taken into ICE custody on May 18, 2015. See Doc. 1, p. 4. An immigration judge ordered his removal on January 19, 2016. See id. at p. 6. As the result of an earlier, § 2241 action filed with this Court, ICE was directed to provide Petitioner with an individualized bond hearing.

Reza's pending action again challenges the legality of his detention pending completion of his removal proceedings. He also contends that the bond hearing conducted by an Immigration Judge was constitutionally deficient. As relief, Reza seeks his release on reasonable bond or an immediate bond hearing.

## Discussion

On January 18, 2018, Respondent filed a "Suggestion of Mootness." Doc. 8, p. 1. The notice states that Petitioner was released from ICE custody on November 15, 2017. See id. at p. 2. Attached to the notice is a copy of an order issued by an ICE Detention Officer directing that Petitioner be released. See Doc. 8-1. Accordingly, Respondent contends that since Petitioner is no longer in ICE custody, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of

2

federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Reza sought either the scheduling of a bond hearing or his immediate release from ICE detention. Since Petitioner is no longer in ICE custody, under the principles set forth in Steffel, his instant petition is subject to dismissal

3

as moot since it no longer presents an existing case or controversy.  An appropriate Order will enter.

                                            */s/ Richard P. Conaboy*
                                            RICHARD P. CONABOY
                                            United States District Judge

DATED: JANUARY 19th, 2018

FILED
SCRANTON
JAN 1 9 2018
Per_____
DEPUTY CLERK

4